UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRANKLIN S. SIMMS,

    Petitioner,

v.                                                   Case No. 4:22cv300-AW-HTC

CIA,

    Respondent.

_____/

REPORT AND RECOMMENDATION

Petitioner Franklin S. Simms, proceeding *pro se*, filed a petition under 28 U.S.C. § 2241. ECF Doc. 1 at 1. Upon review of the petition, the undersigned recommends the petition be dismissed *sua sponte* because Petitioner is not in custody and his allegations are nonsensical. See Rule 4, *Rules Governing § 2254 Cases*.

Under section 2241, "the writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is a prerequisite to invoking the subject matter jurisdiction of the court. *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001). Petitioner, however, does not appear to be incarcerated in either a state or federal institution. Instead, he gives a residential address as his return address on the envelope, which does not bear any markings that it was mailed from a custodial

facility.  Also, in the "Personal Information" section of the petition, Petitioner lists several facilities at which he was *previously* detained but does not check the box indicating he is in state or federal custody.  Because Petitioner fails to meet the "in custody" requirement in 28 U.S.C. § 2241, this action should be dismissed.

Regardless, even if Petitioner is in custody, the petition does not contain any claims that are cognizable under § 2241.  Petitioner neither challenges the fact nor duration of a sentence.  Instead, Petitioner makes fanciful allegations that border on delusion.  For example, in Grounds One and Two, Petitioner alleges the Central Intelligence Agency ("CIA"), took nude photos or videos of him and he knows this because he saw some women at a bar looking at them.  He asks the Court "to not let the CIA to try to make it look like someone legally" obtained them.  ECF Doc. 1 at 6.  In Ground Three, Petitioner appears to challenge a conviction from 1994 in Mesa, Arizona (case number 94-92968), for which he is no longer even in custody.  Finally, in Ground Four, Petitioner does not seek relief and simply states he is the "best looking, best physically fit built youngest looking 60 yr old man in United States", has a college degree and two certifications and has "never been mentally ill."  ECF Doc. 1 at 7.

Finally, based on a review of PACER, it appears Petitioner filed a similar petition this year in Oklahoma, which the Court summarily and similarly dismissed for lack of jurisdiction.  *See Simms v. Central Intelligence Agency*, 4:22-cv-318-

Case No. 4:22cv300-AW-HTC

CVE/CDL, N.D. Okla., ECF Doc. 3 (Order of Dismissal). Therefore, because the Court lacks jurisdiction over the petition and the claims are not cognizable under § 2241, the petition should be dismissed *sua sponte*.

Accordingly, it is respectfully RECOMMENDED that:

1. The Petition under § 2241, ECF Doc. 1, be DISMISSED WITHOUT PREJUDICE without an evidentiary hearing.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 29th day of August, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:22cv300-AW-HTC